UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SUBPOENAS TO KRUEGER, ANG, and MARTIN<br><br>IN CONNECTION WITH: EOLAS TECHNOLOGIES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, et al.,<br><br>Defendants. | Case No. 16-mc-80266-JSC<br><br>**ORDER RE: MOTION TO COMPEL**<br><br>Re: Dkt. No. 1 |

This miscellaneous action arises out of a discovery dispute in three consolidated patent actions pending in the United States District Court for the Eastern District of Texas. *See Eolas Techs. Inc. v. Amazon.com, Inc.*, Lead Case No. 6:15-cv-01038-RSW (E.D. Tex.); *Eolas Techs. Inc. v. Google Inc.*, No. 6:15-cv-01039-RWS (E.D. Tex.); *Eolas Techs. Inc. v. Wal-mart Stores, Inc.*, No. 6:15-cv-01040-RSW (E.D. Tex.). Those lawsuits involve Eolas's claims that Defendants Amazon, Inc., Google Inc., and Wal-mart Stores, Inc. infringe its patent, U.S. Patent No. 5,195,507 ("the '507 patent"), which pertains to interactive distributed internet applications. Now pending before the Court is Defendants' motion to compel email production and other documents from Respondents. (Dkt. No. 1.[1])

In the underlying patent litigation, Defendants have raised a number of defenses to the infringement claims, including (1) invalid patent-term adjustment based on Mr. Krueger's alleged

---

[1] Record citations are to material in the Electronic Case File ("ECF") for this miscellaneous action; citations to ECF in the lead underlying case, No. 6:15-cv-01038-RWS (E.D. Tex.), will be referred to as "E.D. Tex. Dkt. No." Pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  efforts to delay prosecution until a prosecution bar that would have prevented his involvement in
2  patent prosecution expired, at which time Eolas canceled all then-pending '507 patent claims and
3  submitted new ones; and (2) inequitable conduct inasmuch as Eolas withheld material prior art
4  from the PTO in the initial 1994 application to which the '507 patent claims priority.  (*See* Dkt.
5  No. 1 at 6-8.)

6        Eolas brought a motion for partial summary judgment on the invalid patent-term
7  adjustment defense, which the district court denied, noting that the applicant's intent is relevant
8  and ordering discovery into that issue.  (E.D. Tex. Dkt. No. 202 at 5.)  Accordingly, Defendants
9  served third-party subpoenas on Respondents, '507 Patent inventors Cheong S. Ang and David C.
10 Martin, as well as Charles Krueger, the '507 Patent's prosecuting attorney.  (Dkt. Nos. 2-1, 2-2, 2-
11 3.)  Defendants seek all three Respondents' responsive documents and emails dating back to 1993
12 as well as Krueger's billing records related to prosecution of the '507 patent.  (Dkt. Nos. 2-1, 2-2,
13 2-3.)

14       Both the inventors and Krueger agreed to produce responsive documents but objected to
15 the subpoenas' email requests.  (Dkt. Nos. 2-4, 2-5, 2-6.)  They contended that the parties' E-
16 Discovery Order exempts third parties from email production.[2]  (*See id.*; Dkt. No. 2-12 at 2.)
17 Following meet and confer efforts, Respondents agreed to produce emails if Defendants offered
18 specific email production requests.  (Dkt. Nos. 2-11, 2-13, 2-14.)  However, after disagreement
19 about the proposed terms, Respondents reverted to their position that the E-Discovery Order bars
20 all third-party email production.  (*See* Dkt. Nos. 2-15—2-22.)  Respondents also contended that
21 Krueger's billing records are privileged and therefore need not be produced.  Defendants then filed
22 the instant motion to compel.  (Dkt. No. 1.)

23       In their opposition, Respondents renew their argument that the E-Discovery Order exempts
24 them from email production and argue that Defendants failed to comply with the Eastern District

---

[2] The E-Discovery Order provides that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45 . . . shall not include e-mail or other forms of electronic correspondence (collectively, 'e-mail.')  To obtain e-mail parties must propound specific production requests."  (Dkt. No. 2-24 ¶ 7.)  Paragraphs 8 through 11 of the E-Discovery Order discuss procedures for email discovery, referring generally to "the parties."  (*Id.* ¶¶ 8-11.)

of Texas's meet-and-confer requirements. (Dkt. No. 18 at 5-7, 9.) Nevertheless, they contend that Defendants' motion to compel is now moot because, despite arguing that Defendants' proposed search terms are overbroad, irrelevant, and impose an undue burden—without describing what that burden is or was—Respondents contend that they "have produced, or are in the process of producing, all relevant, responsive, non-privileged emails, as Defendants requested" as well as billing records and privilege logs. (*Id.* at 9-10.)

Specifically, the inventors aver that they applied the search terms to their email addresses and sent all emails that were not "obviously irrelevant" to their attorneys for privilege review. (Dkt. No. 18-5 ¶ 9; Dkt. No. 18-6 ¶ 9.) In their reply, Defendants argue that they still have not received all of the discovery from the inventors that Respondents mentioned in their opposition. They have not received any emails or a supplemental privilege log from Ang. (Dkt. No. 23 at 8.) As to Martin, Defendants received 17 emails and a privilege log claiming privilege over 21 documents, but Defendants appear to challenge some of the entries in the log. (*Id.*) With respect to both inventors, Defendants contend that the production is insufficient because there is no indication that they searched for emails back to 1993 as the subpoenas sought. (*Id.* at 8-9.)

Krueger contends that counsel has his emails that were collected and produced in prior litigation, and he searched his other accounts for emails "related to the . . . family of patents" at issue in the underlying suit and provided those emails to Eolas's counsel, who produced all non-privileged emails. (Dkt. No. 18-4 ¶¶ 7-8.) Respondents also note that Krueger "has now produced, or will produce, the requested billing records, redacting the privileged narratives, and . . . a privilege log detailing the withheld material[,]" so the request for an order compelling production of billing records is also moot. (Dkt. No. 18 at 12.) However, in their reply Defendants contend that they still have not received any emails from Krueger, and that his declaration does not indicate that he searched for emails for the entire time period the subpoena covers. (Dkt. No. 23 at 8-9.) Likewise, as of the filing of the reply, Defendants had not received any of Krueger's billing records, redacted or otherwise, or a privilege log for any of his documents.

1    Accordingly, Defendants and Respondents shall come to the January 26, 2017 hearing on
2 Defendants' motion to compel prepared to meet and confer in person regarding all outstanding
3 discovery issues.  Among other things, Respondents must be prepared to: (1) identify a date
4 certain by which production of the materials listed in their opposition—including emails, billing
5 records, and privilege logs—will be complete; (2) identify the date range for which they searched
6 for responsive emails for all three Respondents; (3) provide examples of documents they deemed
7 wholly irrelevant and thus did not produce; and (4) explain why documents on the presently
8 produced privilege logs are privileged.  It is the Court's hope that following the meet and confer
9 the parties will have an agreement that can be placed on the record.  If there remain unresolved
10 issues following the meet and confer, the Court will hear them at that time.

**IT IS SO ORDERED.**

Dated:  January 23, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4